Matthew G. Ball (SBN 208881)
matthew.ball@klgates.com
Andrew J. Wu (SBN 326268)
andrew.wu@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Amy Wong (SBN 298847)
amy.wong@klgates.com
**K&L GATES LLP**
1 Park Plaza
Twelfth Floor
Irvine, California  92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

Attorneys for Plaintiff
COMPU-LINK CORPORATION, DBA CELINK

Richard A. Jacobsen (pro hac vice)
Thomas N. Kidera (pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506 5000
Facsimile: (212) 506 5151
Email: rjacobsen@orrick.com
         tkidera@orrick.com

Aaron M. Rubin (State Bar No. 320880)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email: amrubin@orrick.com

Attorneys for Defendant
PHH MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPU-LINK CORPORATION, DBA CELINK a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, a New Jersey Corporation,<br><br>Defendant. | Case No. 2:22-cv-00983-KJM-KJN<br><br>**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1. **PURPOSE**

   This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to Federal Rules of Civil Procedure and any other applicable orders and rules.

2. **SEARCH OBLIGATIONS**

   a. Each Party will conduct a reasonably diligent search for accessible sources of ESI in which it has reason to believe potentially relevant material will be found.

   b. Furthermore, each Party represents that, from the point of its own reasonable anticipation of litigation, it has taken reasonable steps to prevent the partial or full destruction, alteration, shredding, incineration, wiping or loss, due to any reason whatsoever, of potentially relevant information contained in hard copy or reasonably accessible sources of ESI.

3. **DE-DUPLICATION**

   a. A Producing Party shall globally deduplicate (i.e., deduplicate across custodians) by exact duplicate families using MD5 or SHA-1 hash values. Deduplicated documents shall not be produced if already produced in a prior production. The identity of the primary custodian and other processed and agreed-upon custodians that possessed all de-duplicated items at the time of production shall be provided in the "Duplicate Custodian" field of the copy of the single record that is produced.

4. **DOCUMENT PRODUCTION FORMAT**

   a. <u>TIFF Images.</u> Unless otherwise stated in this Production Protocol, each document shall be produced in black and white, CCITT Group IV Tagged Image File Format ("TIFF") regardless of whether such documents are stored by the parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy.

b. <u>Load File(s)</u>. Document productions shall include Concordance-compatible Load File(s) that indicates document breaks of the TIFF images and additional fields as identified in Section 7 below.

c. <u>File Name.</u> Each document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "TIF". File names should not be more than fifteen characters long or contain spaces or underscore symbols.

d. <u>Document Unitization.</u> Electronically collected data shall maintain family relationships to group parent documents with their attachments. Parties shall apply all appropriate measures to logically unitize any hard copy or scanned documents in order to represent how they were maintained in the ordinary course of business.

e. <u>Color.</u> Documents shall be produced as black and white TIFF images. Upon written request, a party shall produce color images for a reasonable number of selected documents. Documents produced in color shall be produced as JPEG images with Exif compression and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG".

f. <u>Confidentiality Designation</u>. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

g. <u>Native Production for Spreadsheets, PowerPoint Presentations, and other Files not readily converted into TIFF images.</u> Notwithstanding the foregoing, the parties will produce spreadsheet and PowerPoint and other presentation files in native format, as well as any other files not readily converted into a TIFF image

(e.g., audio or video files).  Each file produced in native format shall be named with a unique Bates Number (*e.g.*, ABC00000001.xls) and protective designation (*e.g.* ABC00000001_confidential.xls).  In addition to producing such documents in native format, the producing party shall also include in the production a placeholder TIFF image with the phrase "Document Produced Natively."  The placeholder TIFF images shall be Bates-numbered as described herein, shall be endorsed for confidentiality as described in the Protective Order, and shall include Metadata as set forth in Section 7.  The parties reserve the ability to request other file types be produced in native form or in another reasonably usable form upon review of the other party's production. The parties reserve their respective rights to object to any such request. For any production of databases/structured data or information from proprietary platforms, or other files not readily convertible in TIFF format, the parties will meet and confer on the appropriate production format.

h. <u>Native Redactions.</u>  Spreadsheets that contain redactions shall continue to be produced in native format.  These documents shall be redacted using a "full block" representative character that appears as a black box on the spreadsheet.

5. **<u>SEARCHABLE TEXT.</u>**  In addition to TIFF images, each production will include text files corresponding to the TIFF image files described above.

a. <u>Hard Copy Documents.</u> Hard copy documents shall be scanned using Optical Character Recognition ("OCR") technology and searchable ASCII text (or Unicode text if the text is in a language requiring characters outside of the ASCII character set) files shall be produced. Each file shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT".  Hard copy documents shall otherwise be produced as they are stored in the normal course of the producing party's business.

b. <u>Electronic Documents.</u> The full text of each native electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set) and shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT". Searchable text files corresponding to the TIFF image files for redacted Electronic Documents must include Extracted Text or OCR text only to the extent that it will not disclose redacted information.

6. **PRODUCTION MEDIA**

   a. Documents that are designated pursuant to the protective order must be produced via encrypted media or via encrypted FTP transfer or other securely encrypted electronic transmissions. Such productions must also be password protected, with the passcode being securely and separately transferred from the encrypted media itself. Non-designated documents may be included in the encrypted production of designated documents, but a production of exclusively non-designated documents may be produced without encryption. The encryption passcode for any encrypted media will be exchanged between counsel for the parties securely and separately transferred from the encrypted media itself. Encryption passcodes may only be disclosed to parties, parties' counsel, experts, third-party vendors, and support staff for all of these entities. The encryption specification used will be the Advanced Encryption Standard ("AES") established by the U.S. National Institute of Standards and Technology and will use a 256 bit key length. Passcodes must be at least 14 characters long and contain a mix of upper case characters, lower case characters, numbers, and symbols such as "&" or "$" or others and will not contain any complete words. Each FTP production transfer and piece of Production Media shall identify: (1)

the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

7. **METADATA**

   a. For all Electronic Documents, the Concordance compatible Load File(s) referenced in paragraph 4(b) will be in an ASCII text format and include the Data Fields listed below. For redacted Electronic Documents, metadata fields must be produced only to the extent such fields will not disclose redacted information.

   b. The parties agree not to modify or otherwise alter metadata for files originating in electronic form.  The parties also understand and acknowledge that each metadata field listed below will not be applicable or present for all produced records (and that some metadata fields may be artificially, though unintentionally, altered due to upstream collection efforts and data handling).

   c. The parties reserve the ability to request that additional Data Fields be set forth or provided for certain specified Electronic Documents upon review of the other party's production. A party is not obligated to produce metadata from a document if metadata does not exist in the document, or if the metadata is not machine-extractable. Notwithstanding, the Custodian and Hash Value fields identified in Appendix A are derived or additive metadata which the parties must produce, if practicable, even if not otherwise existing in the document or machine-extractable.

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Confidentiality | Confid | Text | Confidentiality designation pursuant to the parties' Protective Order |
| File Name | FileName | Text | File Name of document or email |
| File Size | FileSize | Text | File size of document or email (including any embedded attachments) |

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Document Page Count | PageCount | Non zero filled number | Number of pages in email or document |
| Production Begin Bates Number | BegDoc | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID number associated with first page of email or document |
| Production End Bates Number | EndDoc | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with last page of email or document |
| Production Begin Attachment Bates Number | BegAtta | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with first page of parent email, document or family |
| Production End Attachment Bates Number | EndAtta | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with last page of email, document or family |
| Parent ID | ParentID | Maximum six-character alpha prefix, seven-digit numeric sequence | Starting Bates number of Parent document |
| Parent/Child | Parent/Child | Text | Will allow one to easily see if a document is a Parent or an attachment. Further, this will also provide an ability to see what is just a Parent document, and what is a Parent document with attachments. Three choices: Parent, Attachment, and Standalone |
| Attach IDs | AttachIDs | Maximum six-character alpha prefix, seven-digit numeric sequence | Starting Bates number of each attached document separated by semi-colon |
| Attach Count | Attachcount | Number | Tally of the number of attachments per document |
| Document Type | DocType | Text | Type of document (e.g., email, attachment, network document) |

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Original File Path | OrigPath | Text | Complete original file path for an email or loose electronic document |
| Duplicate Path | DupPath | Text | The original file path for any documents that were de duplicated at a family level in accordance with section 3. |
| Application | AppName | Text | Type of application of document or email (*i.e.,* Outlook, Lotus Notes, Microsoft Word or Microsoft Excel, etc.) |
| File Extension | FileExt | Text | File extension of document or email |
| Full Text Path | TextPath | Text | UNC path to production text files containing the extracted or OCR text (Not required if text of document is redacted) |
| MD5/SHA1 | MD5Hash/ Secure Hash | Hash value | Algorithm that represents a unique value of the document or email, used for deduplication purposes |
| Native Link | Native Link | Text | Complete file path of produced native file to allow hyperlinking of native file.  (Only if native file is being produced) |
| Redacted Document | RedctDoc | Y/N | If a document is redacted, this field must contain a "Y."  If the document has not been redacted, the field must contain an "N." |
| Custodian | DocCust | Text | Name of the custodian or source system from which the document was collected. |

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Duplicate Custodian[1] | DupCust | Text semicolon delimited | List of custodian names that had exact duplicates of this email family or loose document. Names shall be delimited by a semicolon. Only applicable when the parties use global deduplication. |
| Author | Author | Text | Document author name, for non-email documents. |
| Version Number | Version Num | Text | Version number of a document |
| Last Author | LastAuthor | Text | Last author or editor of document, from document properties |
| Email Threading ID | Thread ID | Text | Thread ID that will allow like email threads to easily be grouped together. |
| From | Sender | Text | Name and/or email address of person(s) found in the "FROM" address line. |
| To | Recipient | Text semicolon delimited | Name(s) and/or email addresses of person found in the "TO" address line. |
| CC | CC | Text semicolon delimited | Name(s) and/or email addresses of person(s) found in the "CC" address line. |
| BCC | BCC | Text semicolon delimited | Name(s) and/or email addresses of person(s) found in the "BCC" address line, if any. |
| Subject | Subject | Text | Subject or "Re" line of email; not required for documents if subject or re line is redacted. |
| Title | Title | Text | Title of non-email document; not required if title is redacted. |
| Date Created | CreateDate | Date in MMDDYYYY | Date on which the document was created |
| Time Created | CreateTime | | Time file created |

---

[1] The Parties shall de-duplicate ESI at the family level, as set forth in Section 3(a), to avoid substantially duplicative productions. Documents will be de-duplicated against the entire population and all custodians of a de-duplicated document will be listed in a "Duplicate Custodian" field.

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Last Modified Date | DateMod | Date in MMDDYYYY | Date the document was last modified |
| Last Modified Time | ModTime | | Time file last modified |
| Last Access Date | AccessDate | Date in MMDDYYYY | Date file last accessed |
| Last Access Time | AccessTime | | Time file last accessed |
| Sent Date | DateSent | Date in MMDDYYYY | Date email was sent |
| Sent Time | TimeSent | | Time email was sent |
| Date Received | DateRecd | Date in MMDDYYYY | Date email was received by addressed recipients |
| Time Received | TimeRecd | | Time email was received |
| Drive ID | DriveID | Text | Serial number or ID of external hard drive or thumb drive that document originates from. |

8. **EMAIL THREADING**

   a. The parties agree to provide a production universe with its lesser inclusive email threads suppressed. In order to reduce the volume of entirely duplicative content within email threads, a party also shall utilize email thread suppression. As used in this agreement, email thread suppression means reducing redundant production of lesser inclusive email threads by producing the most recent email containing the thread of emails, as well as any emails with unique attachments within the thread. Thus excluding all lesser inclusive emails that would constitute redundant duplicates within the produced string. A party need only log the topmost email in a thread, provided that the privilege log entry for the thread includes information sufficient to demonstrate the privilege for each email in the thread for which privilege is clamed. If any of the lesser-contained emails are not independently privileged, the producing party must either (a)

separately produce those non-privileged emails or (b) produce the topmost e-mail thread in redacted form, rather than withholding the thread in full.

9. **TIMEZONE**

   a. All documents and associated metadata shall be produced in the UTC time zone.

10. **EXTERNAL HARD DRIVES AND USB DRIVES**

    a. To the extent that the responsive data is maintained on external hard drives and USB drives, the producing party will provide the following data deemed responsive: (i) files and folders from external hard drives and USB drives including Metadata as set forth in section 7, and embedded or internal serial number of the source drive (see field above called DriveID).

11. **PRIVILEGE LOGS**

    a. For each document withheld on the basis of privilege, the parties agree to include such document on a furnished log that complies with the legal requirements under federal law, but at a minimum will include the following information:

        i. A unique number for each entry on the log.

        ii. The date of document. The parties should indicate what the date of the document signifies. For example, this could be the sent date of the document or the last-modified or create date of the document.

        iii. The Author of the document. For emails this should be populated with the metadata extracted from the "Email From" field associated with the file. For loose ESI, this should be populated with the metadata extracted from the "Author" field; if such field contains generic information such as the company name, a party may substitute the information contained in the "Custodian" metadata field.

        iv. Recipient(s) of the document where reasonably ascertainable. For emails this should be populated with the metadata extracted from the

"Email To" field associated with the file. Separate columns should be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.

v. A description of why privilege is being asserted over the document. This description should include information sufficient to identify if the document contained attachments over which privilege is also being asserted.

vi. The type of privilege being asserted: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

vii. The parties shall identify on their logs the counsel who is the basis of the privilege or work product claim where not otherwise apparent from the identifying information.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: February 8, 2023          K&L GATES LLP

                                 By: /s/ *Matthew G. Ball*
                                     Matthew G. Ball
                                     Andrew J. Wu
                                     Amy Wong
                                     *Attorneys for Plaintiff Compu-Link Corporation, dba Celink*

Dated: February 8, 2023          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                 By: /s/ *Aaron M. Rubin*
                                     Richard A. Jacobsen
                                     Thomas N. Kidera
                                     Aaron M. Rubin

                                     *Attorneys for Defendant PHH Mortgage Corporation*

**FILER'S ATTESTATION**
**\*\*Filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 8, 2023                              */s/ Matthew G. Ball*
                                                      Matthew G. Ball

## ORDER

Subject to the Federal Rules of Civil Procedure, the Court's Local Rules, and Chief Judge Mueller's rules for civil cases, IT IS SO ORDERED.

Dated: February 21, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE