UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Compu-Link Corporation, doing business as Celink, a Michigan Corporation,, <br><br> Plaintiff, <br><br> v. <br><br> PHH Mortgage Corporation, a New Jersey Corporation, <br><br> Defendant. | No. 2:22-cv-00983-KJM-KJN <br><br> ORDER |

This court previously granted defendant's PHH Mortgage Corporation's motion to dismiss the complaint with leave to amend and issued a scheduling order under Federal Rule of Civil Procedure 16. *See* Order (Dec. 28, 2022), ECF No. 34. The scheduling order set discovery and other pretrial deadlines. *See id.* at 8. Plaintiff Compu-Link Corporation has now amended its complaint, ECF No. 50, PHH has moved to dismiss the amended complaint, ECF No. 51, and the parties jointly requested the court vacate its scheduling order, *see* Stip., ECF No. 54. They explain that they previously agreed to stay discovery until the pleadings are closed, have not conducted discovery, and will not have time to conduct discovery by the deadlines the court set in its scheduling order. *See id.* at 3.

1

A pretrial scheduling order may not be modified without the court's consent, and then only for good cause. Fed. R. Civ. P. 16(b)(4). The parties' private agreement not to conduct discovery does not supersede or modify this court's order setting pretrial deadlines. Nor is such an agreement alone "good cause" under the terms of Rule 16(b)(4). To be sure, moving forward with costly discovery efforts might be unwise if a case could be decided or limited by resolving a legal dispute up front, but the parties may not secure more time for litigating their legal disputes without the court's consent and without showing good cause. Litigants disregard scheduling orders at their own peril. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Although the parties have not shown good cause to modify the scheduling order, the court has reviewed PHH's pending motion to dismiss on its own initiative to decide whether discovery and other pretrial deadlines should be postponed. At least some arguments in PHH's motion could focus or narrow the case. The amended complaint includes a number of alternative or competing legal theories. *Compare, e.g.*, Am. Compl. ¶¶ 118–29 (breach of contract) *with id.* ¶¶ 130–45 (reformation), *and with id.* ¶¶ 157–66 (breach of covenant of good faith and fair dealing). Excluding any nonviable theories could reduce the time and costs necessary to complete discovery.

On the court's own motion, the scheduling order is modified as follows:

- Initial disclosures shall be completed **within twenty-one days**.
- Party fact discovery shall be completed by **October 27, 2023**.
- Non-party fact discovery shall be completed by **December 22, 2023**.
- Experts shall be disclosed and reports served by **February 29, 2024**.
- Rebuttal experts shall be disclosed and reports served by **March 29, 2024**.
- All discovery shall be completed and all discovery motions shall be filed by **May 31, 2024**.
- The parties shall attend a settlement conference or participate in private mediation **no later than June 28, 2024**, and file a report on the status of settlement with

the court by that date.  Any request for a court-convened settlement conference must be filed on the docket of this action.

- All dispositive motions shall be **filed by July 5, 2024 and heard by August 9, 2024**.

The schedule will not be modified further except with the court's consent after a showing of good cause.  All provisions of the court's standing scheduling order for civil cases are incorporated therein.

IT IS SO ORDERED.

DATED: April 19, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3